UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN ARTILES,

                    Plaintiff,

          -against-

SUPERIOR ONE MANAGEMENT CORP. d/b/a SUPERIOR APARTMENTS and d/b/a SUPERIOR APARTMENTS MANAGEMENT, 3336 MK REALTY GROUP LLC, 374 SUPERIOR APARTMENT LLC, 1201 MK REALTY GROUP LLC, MK REALTY GROUP, LLC, 1905 MK REALTY GROUP LLC, 1756 MK REALTY GROUP LLC, 1757 MK REALTY GROUP LLC, 2250 SUPERIOR APARTMENT LLC, 2720 SUPERIOR APARTMENT LLC, SUPERIOR APARTMENTS, LLC, 685 MK REALTY GROUP LLC, 9039 MK REALTY GROUP LLC, 9037 MK REALTY GROUP LLC and ABDUL KHAN,

                    Defendants.
------------------------------------------------------------X

Case No. 20-cv-1809

**COMPLAINT**

Plaintiff JUAN ARTILES ("Artiles" or "Plaintiff"), by his attorneys, RAPAPORT LAW FIRM, PLLC, as and for his Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to seek unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.

2. This action further invokes the supplemental jurisdiction of this Court to consider claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NY Labor Law §§ 191, 193, 195, and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142), and NY Labor Law § 215).

3. At all relevant times, Defendants SUPERIOR ONE MANAGEMENT CORP. d/b/a SUPERIOR APARTMENTS and d/b/a SUPERIOR APARTMENTS MANAGEMENT ("Superior Apartments"); 3336 MK REALTY GROUP LLC; 374 SUPERIOR APARTMENT LLC; 1201 MK REALTY GROUP LLC; MK REALTY GROUP, LLC; 1905 MK REALTY GROUP LLC; 1756 MK REALTY GROUP LLC; 1757 MK REALTY GROUP LLC; 2250 SUPERIOR APARTMENT LLC; 2720 SUPERIOR APARTMENT LLC; SUPERIOR APARTMENTS, LLC; 685 MK REALTY GROUP LLC; 9039 MK REALTY GROUP LLC, 9037 MK REALTY GROUP LLC and ABDUL KHAN ("Khan") (collectively, "Defendants") operated as a unified and centrally-controlled real estate enterprise that owns and controls at least 20 apartment buildings in Kings, Bronx and Westchester Counties.

4. At all relevant times, Defendants operated as a unified enterprise that functioned under the direction and control of Khan, and they had policies of encouraging and/or requiring building maintenance workers, including Plaintiff, to work in excess of forty (40) hours per week, at rates of pay that were, at times, below minimum wage, and without paying them overtime compensation as required by the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331) and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

6. Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Southern District and are

otherwise within this Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiff in this judicial district.

7. This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

## THE PARTIES

**Plaintiff:**

8. Artiles is an adult, natural person who resides in Bronx County, New York.

9. From early 2009 to on or about January 27, 2020, Artiles performed maintenance work for Defendants as a floating handyman whose work for Defendants encompassed repairs and maintenance at approximately ten apartment buildings.

10. Artiles also served as superintendent of 3102 Villa Avenue, Bronx, New York ("3102 Villa"), a 26-unit apartment building.

**Defendants:**

11. Upon information and belief, Defendants operate as a unified enterprise for a common business purpose, to wit: directly and/or indirectly owning, managing and controlling approximately twenty apartment buildings (the "Buildings") in Kings, Bronx and Westchester Counties, all of which are titled in the name of title-holding companies wholly controlled by Khan.

12. Defendants control the Buildings through their intertwined management and title-holding entities ("Defendant Corporations"), which are owned, managed and controlled by Khan.

13. The New York City Public Advocate's "Worst Landlord Watchlist" identifies Khan, individually, as the landlord of seven apartment buildings in the Bronx that were placed on the list due to their substantial number of violations. *See* https://landlordwatchlist.com/landlord-ABDUL%20KHAN.

14. Defendant Khan is an individual engaging in (or who was engaged) in business in this judicial district during the relevant time period. Defendant Khan is sued in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Khan possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He personally determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes work schedules and practices, maintains payroll records, and has the authority to hire and fire employees.

15. Upon information and belief, Khan resides at 1893 North Jerusalem Road, East Meadow (Nassau County), New York.

16. The Defendants operate from a central office located 2250 Grand Concourse, Bronx, NY 10457 (the "Grand Concourse Office") where Khan, together with property management staff members, oversee operations.

17. Defendants share a common website (www.superiormanagementcorp.com), and on the "About us" section of Defendants' website, Defendants hold themselves out as a single, unified, "family-owned business" with experience in residential real estate. See http://www.superiormanagementcorp.com/5073/index.html (accessed on February 22, 2020).

18. Defendants' website states that Defendants' portfolio of apartment buildings includes: (a) <u>Bronx:</u> 2250 Grand Concourse, 2720 Decatur Avenue, 374 East 209th Street, 3102 Villa Avenue and 1895 Grand Concourse; and (b) <u>Brooklyn:</u> 1819 Beverley Road.

4

19. Defendants also owned and controlled other apartment buildings, including, *inter alia*, the apartment buildings listed in Schedule A attached hereto.

20. Upon information and belief, and at all times herein relevant, Superior One Management Corp. is a New York corporation doing business in Bronx and Kings Counties with a principal place of business located at 2250 Grand Concourse, Bronx, New York.

21. Upon information and belief, 3336 MK Realty Group LLC is a New York corporation doing business in Bronx County, New York, with a principal place of business at 2250 Grand Concourse, Bronx, New York.

22. Upon information and belief, 374 Superior Apartment LLC is a New York corporation doing business in Bronx County, New York, and it holds title to 374 East 209th Street, Bronx, New York.

23. Upon information and belief, 1201 MK Realty Group LLC is a New York corporation doing business in Bronx County, New York, holds title to the property located at 1201 University Ave., Bronx, New York, where Artiles performed work.

24. Upon information and belief, MK Realty Group, LLC is a New York corporation doing business in Bronx County, New York, and it holds title to the property located at 1515 Selwyn Avenue, Bronx, New York, where Artiles performed work.

25. Upon information and belief, 1905 MK Realty Group LLC is a New York corporation doing business in Bronx County, New York, and it holds title to the property located at 1905 Andrews Ave., Bronx, New York, where Artiles performed work.

26. Upon information and belief, 1756 MK Realty Group, LLC is a New York corporation doing business in Bronx County, New York, and it holds title to the property located at 1756 Topping Ave., Bronx, New York.

27. Upon information and belief, 1757 MK Realty Group, LLC is a New York corporation doing business in Bronx County, New York, and it holds title to the property located at 1757 Topping Ave., Bronx, New York, where Artiles performed work.

28. Upon information and belief, 2250 Superior Apartment LLC is a New York corporation doing business in Bronx County, New York, and it holds title to the property located at 2250 Grand Concourse, Bronx, New York, where Artiles performed work.

29. Upon information and belief, 2720 Superior Apartment LLC is a New York corporation doing business in Bronx County, New York, and it holds title to the property located at 2720 Decatur Ave., Bronx, New York, where Artiles performed work.

30. Upon information and belief, Superior Apartments, LLC is a New York corporation doing business in Bronx County, New York, with a principal place of business located at 2250 Grand Concourse, Bronx, New York.

31. Upon information and belief, 685 MK Realty Group LLC is a New York corporation with a principal place of business in Bronx County, New York, and it holds title to the property located at 685 East 234th Street, Bronx, NY.

32. Upon information and belief, 9039 MK Realty Group LLC is a New York corporation doing business in Bronx County, New York, with a principal place of business located at 2250 Grand Concourse, Bronx, New York.

33. Upon information and belief, 9037 MK Realty Group LLC is a New York corporation doing business in Bronx County, New York, with a principal place of business located at 2250 Grand Concourse, Bronx, New York.

34. Khan is designated as the "managing agent" for most, if not all, of the Defendants' buildings, as reflected on the Rent Registrations filed by Defendants with the New York City Department of Housing Preservation and Development (the "HPD").

35. Upon information and belief, Khan is the head officer of the corporations that hold title to the Buildings, which is reflected on Registrations filed with the HPD.

36. Upon information and belief, Khan is the sole member and/or most senior officer of 2250 Superior Apartment LLC, 9039 MK Realty and Superior Apartments, LLC.

37. Defendants are an integrated enterprise, with common management, control, personnel policies, ownership, and inextricably intertwined operations and functioning, and they subject their employees to the same policies and procedures, in particular policies and procedures relating to the violations alleged in this Complaint.

## FACTUAL ALLEGATIONS

38. As described herein, Defendants have, for years, knowingly engaged in unlawful business practices by requiring building maintenance employees to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation that Defendants were obligated to pay under the FLSA and NYLL; paying flat weekly sums that resulted in effective hourly rates that fell below New York minimum wage; and illegally deducting sums from paychecks.

39. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff within the meaning of the FLSA and all other statutes referred to in this Complaint.

41. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff within the meaning of the NYLL, §§ 2 and 651.

42. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

43. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay building maintenance employees by the same method, and share control over employees.

44. Each Defendant possessed substantial control over the policies and practices over Plaintiff's working conditions.

45. Defendants jointly employed Plaintiff and are Plaintiff's employer within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

46. In the alternative, Defendants constitute a single employer of Plaintiff.

47. Upon information and belief, Khan operates the Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as legally separate entities apart from himself. Upon information and belief, among other things, the assets and revenues of the Defendant Corporations are intermingled, including the unlawful commingling of tenants' security deposits and other funds, which are not held in segregated accounts. Defendant Khan operates the buildings and the Defendant Corporations for his own benefit, without adhering to corporate form.

**Factual Allegations Relating to Wage Claims:**

48. Artiles began working for Defendants in 2009.

49. From 2009 through in or about June 2019, Artiles was paid $300.00 per week, which covered only the first forty hours of work per week. Beginning in or about June-2019, Defendants increased Artiles' weekly pay to $400.00.

50. As a "floater," Artiles performed repairs, apartment demolitions, sheetrock, plastering, cabinet installation, replacing floors, and countless other tasks at Defendants' apartment buildings.

51. As superintendent of 3102 Villa, Artiles' duties involved virtually all aspects of maintenance, including removal of trash and recyclables, apartment renovations and

turnovers, painting, light electrical work, roof maintenance/repair, addressing leaks, shoveling snow, cleaning surface areas, and being on-call for tenant emergencies twenty-four hours per day.

52. Artiles' regular work schedule each week during this period was 58 hours, as follows: Monday through Friday from approximately 7:00 a.m. to 5:00 p.m.; Saturday: 7:00 a.m. to 12:00 p.m.; Sunday: three hours; with no designated/uninterrupted lunch breaks.

53. But in actuality, Artiles was required to be on-call and handle tenant requests at all hours, which entailed work hours that were far in excess of 58 hours. Solely by way of example, at approximately 8:00 p.m. on or about May 4, 2019, Artiles was called to handle emergent repair work involving a leak in apartment 18 at 3102 Villa, which he performed until approximately 10:30 p.m.

54. By way of further example, on or about April 19, 2017, in addition to his regular daily tasks, Artiles worked four hours (from 5:00 p.m. to 9:00 p.m.) to handle an emergent apartment turnover involving an apartment that had to be made immediately available for move-in by a new tenant.

55. The foregoing are extremely conservative estimates of Artiles' schedule and wage underpayments, particularly because Artiles was on-call, and he was regularly called upon to perform work after hours.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.***

56. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

57. At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). Defendants employed Plaintiff as a maintenance worker, employment positions which engaged Plaintiff in commerce, as defined

under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

58. In the performance of his duties for Defendants, Plaintiff worked substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services he provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

59. Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

60. As a result of the foregoing, Plaintiff seeks judgment against Defendants for all unpaid wages, including overtime wages owed by Defendants to Plaintiff for the three-year period preceding the filing of this case, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of the New York Minimum Wage Act

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. The minimum wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

63. Defendants, in violation of the NYLL, willfully paid Plaintiff less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

64. Artiles was damaged in amounts to be determined at trial.

65. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law – Overtime Wages

66. Artiles realleges and incorporates by reference all allegations in all preceding paragraphs.

67. The overtime wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

68. Defendants willfully failed to pay Plaintiff for all of the hours that he worked in excess of 40 hours in a workweek.

69. Defendants willfully failed to pay Plaintiff overtime at a rate of time and one-half his effective, regular hourly rate for hours worked in excess of 40 hours per workweek.

70. Defendants willfully failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

71. As a result of Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Plaintiff is entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements

72. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

73. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

74. Defendants willfully failed to provide Plaintiff with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

75. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

**AS AND FOR A FIFTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices**

76. Plaintiff incorporates by reference in this cause of action the prior allegations of this Complaint as if fully alleged herein.

77. The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

78. From its enactment on April 9, 2011 through January 5, 2016, the WTPA also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment (amended in January 2015 to be distributed "upon hiring" and not annually) and to provide to employees, a written notice setting forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other mandated disclosure.

79. In violation of NYLL § 191, Defendants failed to furnish Plaintiff, at the time of hiring (and annually for those years prior to the January 2015 amendment) or whenever there was a change to their rate of pay, with wage notices required by NYLL § 191.

80. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages: (a) for the time period commencing six years before the filing of this Complaint, through January 5, 2015, the sum $50 per work week, up to $2,500; and (b) from January 6, 2015 through the resolution of this case, $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

## RELIEF SOUGHT

**WHEREFORE,** Plaintiff, Juan Artiles, respectfully requests that the Court grant the following relief:

1. Declaring, adjudging and decreeing that Defendants violated the minimum wage and overtime provisions of the FLSA and NYLL as to Plaintiff;

2. Awarding Plaintiff damages and restitution for unpaid compensation, unpaid minimum wages, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages;

3. Awarding statutory damages for Defendants' failure to provide Plaintiff with statements and information required by NYLL § 198(1-b) and (1-d) and NYLL § 195(3);

4. Awarding statutory damages for Defendants' violation of NYLL § 191 by failing to furnish Plaintiff, at the time of hiring (and annually for those years prior to the January 2015 amendment) or whenever there was a change to his rate of pay, with wage notices required by NYLL § 191;

5. Declaring that Defendants' violations of the NYLL were willful;

6.     For all other Orders, findings and determinations identified and sought in this Complaint;

7.     For prejudgment and post judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

8.     For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

9.     Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  New York, New York
        February 29, 2020

                                        **RAPAPORT LAW FIRM, PLLC**

                                                  s/
                                   By:  _____
                                        Marc A. Rapaport, Esq.
                                        Attorney for Plaintiff
                                        Rapaport Law Firm, PLLC
                                        One Penn Plaza, Suite 2430
                                        New York, New York 10119
                                        Ph: (212) 382-1600
                                        mrapaport@rapaportlaw.com

## SCHEDULE A

## Defendants' Apartment Buildings

| Address | Title-Holding Entity |
|---|---|
| 609 Van Cortlandt Parkway, Yonkers, NY | 609 MK Realty Group LLC |
| 1201 University Ave., Bronx, NY | 1201 MK Realty Group LLC |
| 1515 Selwyn Avenue, Bronx, NY | MK Realty Group, LLC |
| 1905 Andrews Ave., Bronx, NY | 1905 MK Realty Group LLC |
| 1756 Topping Ave., Bronx, NY | 1756 MK Realty Group LLC |
| 1757 Topping Ave., Bronx, NY | 1757 MK Realty Group LLC |
| 2250 Grand Concourse, Bronx, NY | 2250 Superior Apartment LLC |
| 711 East 183rd Street, Bronx, NY | 711 MK Realty Group LLC |
| 3102 Villa Ave., Bronx, NY | Superior Apartments, LLC |
| 1242 Morris Ave., Bronx, NY | 1242 Superior Apartment I LLC |
| 213 and 215 West Third Street, Mt. Vernon, NY | 213 MK Realty Group LLC |
| 685 East 234th Street, Bronx, NY | 685 MK Realty Group LLC |
| 9039 179th Place, Jamaica, NY | 9039 MK Realty Group LLC |
| 9037 179th Place, Jamaica, NY | 9037 MK Realty Group LLC |
| 3336 Perry Ave., Bronx, NY | 3336 MK Realty Group LLC |