# NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between Superior One Management Corp. d/b/a Superior Apartments, 3336 MK Realty Group LLC, 374 Superior Apartment LLC, 1201 MK Realty Group, LLC, MK Realty Group, LLC, 1905 MK Realty Group, LLC, 1756 MK Realty Group, LLC, 1757 MK Realty Group, LLC, 2250 Superior Apartment LLC, 2720 Superior Apartment LLC, Superior Apartments, LLC, 685 MK Realty Group, LLC, 9039 MK Realty Group, LLC, 9037 MK Realty Group, LLC and Abdul Kahn, and said company's successors, predecessors, parent, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individual's heirs, executors, administrators, successors, assigns, and attorneys (herein collectively referred to as "DEFENDANTS"), on the one hand, and Juan Artiles, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns, on the other hand ("PLAINITFF"). PLAINTIFF and DEFENDANTS are hereinafter collectively referred to as the "Parties".

A.    WHEREAS, PLAINTIFF has brought an action in the United States District Court, Southern of New York (Civil Action No. 20 Cv. 1809) (the "Action") against DEFENDANTS alleging violations under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL");
and

B.    WHEREAS, DEFENDANTS have denied PLAINTIFF'S claims; and

C.    WHEREAS, PLAINTIFF and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this Action and desire to forgo any and all future litigation; and

D.    WHEREAS, DEFENDANTS are willing to enter into this Agreement with PLAINTIFF and to provide PLAINTIFF with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFF's promises set forth in this Agreement; and

E.    WHEREAS, subject to the terms set forth in this Agreement, the Court's approval of this Agreement, and the Court's exercise of continuing jurisdiction to enforce and interpret this Agreement, PLAINTIFF has agreed to voluntarily discontinue the Action, with prejudice in exchange for the consideration set forth herein; and

Based upon the foregoing promises and the consideration to be provided to PLAINTIFF and the other promises set forth below, DEFENDANTS, intending to be legally bound, agree as follows:

**1.    Consideration to be Provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in this Agreement, DEFENDANTS promise to pay PLAINTIFF the total amount of SIXTY THOUSAND DOLLARS ($60,000.00), without deduction and/or setoff, which is allocated as follows: (a) $3,122.35 for costs and disbursements incurred by PLAINTIFF's Counsel; (b) **$16,977.65** for legal fees of PLAINTIFF's counsel (i.e., combined costs and legal fees totaling **$20,100.00**) ; and (c) **$39,900.00** to PLAINTIFF. PLAINTIFF AND PLAINTIFF's counsel shall provide executed W-9 Forms. Payment shall be as follows:

(a) THE FIRST PAYMENT: to be delivered to PLAINTIFF's counsel within thirty days of Court approval of this Agreement and the signing of this Agreement, the total amount of SEVEN THOUSAND DOLLARS ($7,000.00), without setoff and/or deductions, payable as follows:

    (i)    one check payable to Rapaport Law Firm, PLLC, for Two Thousand Five Hundred Twenty Dollars ($2,520.00), representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

    (ii)    one check payable to Juan Artiles for Four Thousand Four Hundred and Eighty Dollars ($4,480.00) from which no setoffs, withholdings and/or deductions shall be made;

(b) THE SECOND PAYMENT: to be delivered to PLAINTIFF's counsel on or before two months from the date of court approval of this Agreement and the signing of this Agreement PLAINTIFF, the total amount of FIVE THOUSAND EIGHT HUNDRED and EIGHTY-EIGHT 89/100 DOLLARS ($5,888.89) payable as follows:

    (i)    one check payable to Rapaport Law Firm, PLLC, for Two Thousand One Hundred Twenty Dollars ($2,120.00), representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

(ii) one check payable to Juan Artiles for Three Thousand Seven Hundred Sixty-Eight Dollars and Eighty-Nine Cents ($3,768.89) from which no setoffs, withholdings and/or deductions shall be made;

(c) THE THIRD PAYMENT: to be delivered to PLAINTIFF's counsel on or before three months from the date of of court approval of this Agreement and the signing of this Agreement, the total amount of FIVE THOUSAND EIGHT HUNDRED and EIGHTY-EIGHT 89/100 DOLLARS ($5,888.89) payable as follows:

(i) one check payable to Rapaport Law Firm, PLLC, for Two Thousand One Hundred Twenty Dollars ($2,120.00), representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

(ii) one check payable to Juan Artiles for Three Thousand Seven Hundred Sixty-Eight Dollars and Eighty-Nine Cents ($3,768.89) from which no setoffs, withholdings and/or deductions shall be made;

(d) THE FOURTH PAYMENT: to be delivered to PLAINTIFF's counsel on or before four months from the date of court approval of this Agreement, the total amount of FIVE THOUSAND EIGHT HUNDRED and EIGHTY-EIGHT 89/100 DOLLARS ($5,888.89) payable as follows:

(i) one check payable to Rapaport Law Firm, PLLC, for Two Thousand One Hundred Twenty Dollars ($2,120.00), representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

(ii)      one check payable to Juan Artiles for Three Thousand Seven Hundred Sixty-Eight Dollars and Eighty-Nine Cents ($3,768.89) from which no setoffs, withholdings and/or deductions shall be made;

(e) THE FIFTH PAYMENT: to be delivered to PLAINTIFF's counsel on or before five months from the date of court approval of this Agreement, the total amount of FIVE THOUSAND EIGHT HUNDRED and EIGHTY-EIGHT 89/100 DOLLARS ($5,888.89) payable as follows:

(i)      one check payable to Rapaport Law Firm, PLLC, for **Six** Hundred Twenty Dollars **($620.00),** representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

(ii)      one check payable to Juan Artiles for **Five** Thousand **Two** Hundred Sixty-Eight Dollars and Eighty-Nine Cents **($5,268.89),** from which no setoffs, withholdings and/or deductions shall be made;

(f) THE SIXTH PAYMENT: to be delivered to PLAINTIFF's counsel on or before six months from the date of court approval of this Agreement and the signing of this Agreement and execution of a W-9 by PLAINTIFF's counsel, and the execution of a W-9 by the PLAINTIFF, the total amount of FIVE THOUSAND EIGHT HUNDRED and EIGHTY-EIGHT 89/100 DOLLARS ($5,888.89) payable as follows:

      (i) one check payable to Rapaport Law Firm, PLLC, for Two Thousand One Hundred Twenty Dollars ($2,120.00), representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

      (ii)     one check payable to Juan Artiles for Three Thousand Seven Hundred Sixty-Eight Dollars and Eighty-Nine Cents ($3,768.89) from which no setoffs, withholdings and/or deductions shall be made;

(g) THE SEVENTH PAYMENT: to be delivered to PLAINTIFF's counsel on or before seven months from the date of court approval of this Agreement, the total amount of FIVE THOUSAND EIGHT HUNDRED and EIGHTY-EIGHT 89/100 DOLLARS ($5,888.89) payable as follows:

      (i)     One check payable to Rapaport Law Firm, PLLC, for Two Thousand One Hundred Twenty Dollars ($2,120.00), representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

      (ii)     One check payable to Juan Artiles for Three Thousand Seven Hundred Sixty-Eight Dollars and Eighty-Nine Cents ($3,768.89) from which no setoffs, withholdings and/or deductions shall be made;

(h) THE EIGHTH PAYMENT: to be delivered to PLAINTIFF's counsel on or before eight months from the date of court approval of this Agreement, the total amount of FIVE THOUSAND EIGHT HUNDRED and EIGHTY-EIGHT 89/100 DOLLARS ($5,888.89) payable as follows:

    (i)      one check payable to Rapaport Law Firm, PLLC, for Two Thousand One Hundred Twenty Dollars ($2,120.00), representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

    (ii)     one check payable to Juan Artiles for Three Thousand Seven Hundred Sixty-Eight Dollars and Eighty-Nine Cents ($3,768.89) from which no setoffs, withholdings and/or deductions shall be made;

(i) THE NINTH PAYMENT: to be delivered to PLAINTIFF's counsel on or before nine months from the date of court approval of this Agreement, the total amount of FIVE THOUSAND EIGHT HUNDRED and EIGHTY-EIGHT 89/100 DOLLARS ($5,888.89) payable as follows:

    (i)      one check payable to Rapaport Law Firm, PLLC, for Two Thousand One Hundred Twenty Dollars ($2,120.00), representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

    (ii)     one check payable to Juan Artiles for Three Thousand Seven Hundred Sixty-Eight Dollars and Eighty-Nine Cents ($3,768.89) from which no setoffs, withholdings and/or deductions shall be made;

(j) THE TENTH and Final PAYMENT: to be delivered to PLAINTIFF's counsel on or before ten months from the date of court approval of this Agreement, the total amount of FIVE THOUSAND EIGHT HUNDRED and EIGHTY-EIGHT 88/100 DOLLARS ($5,888.88) payable as follows:

    (i)       one check payable to Rapaport Law Firm, PLLC, for Two Thousand One Hundred Nineteen Dollars and Ninety-Seven Cents ($2,119.97), representing attorneys' fees and costs, from which no setoffs, withholdings and/or deductions shall be made; and

    (ii)      one check payable to Juan Artiles for Three Thousand Seven Hundred Sixty-Eight Dollars and Ninety-One Cents ($3,768.91) from which no setoffs, withholdings and/or deductions shall be made;

All such payments shall be forwarded to PLAINTIFF's attorney at the Rappaport Law Firm, P.C. One Penn Plaza, 250 West 34th Street, Suite 2430, New York, NY 10119, or at such other address as PLAINTIFF's counsel provides via email to DEFENDANTS' counsel. PLAINTIFF further agrees that he will be individually responsible for any employee taxes due on the payments to PLAINTIFF set forth above and agree to indemnify and hold harmless DEFENDANTS for any such liability with respect to those payments. PLAINTIFF acknowledges that his attorneys' fees and expenses will be paid as part of the monies set forth in this Paragraph, and there will be no further or separate claim for attorneys' fees or expenses except for attorneys' fees and expenses, if any, that may be incurred as a result of a breach by DEFENDANTS of their obligations under this Settlement Agreement.

**2.    Adequate Consideration.**

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims he is waiving under this

-8-

Agreement and for the obligations imposed upon him by virtue of this Agreement. PLAINTIFF expressly agrees and acknowledge that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PLAINTIFF in this Agreement. In exchange for this Agreement, PLAINTIFF'S counsel will provide DEFENDANTS' counsel with an executed Stipulation of Discontinuance With Prejudice, which is annexed hereto as Exhibit A, and which will be filed with the Court after approval by the Court that the settlement is fair and reasonable, and the first payment set forth in Paragraph One herein.

**3.    Release of Claims by PLAINTIFF.**

Subject to the Court's approval of this Agreement, PLAINTIFF voluntarily and irrevocably releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the PLAINTIFF that he was not paid overtime, minimum wage, and/or other wages he claims were not paid and/or were impermissibly withheld and denied and any claims by Plaintiff that he was not provided with wage records in connection with his employment in violation of the FLSA and the New York Labor Law. The claims released by PLAINTIFF include any and all claims against DEFENDANTS concerning PLAINTIFF'S employment with or arising from his employment with DEFENDANTS pursuant to the FLSA and the New York Labor Law which were asserted during the course of his litigation, including claims for unpaid overtime, unpaid minimum wage, improper deductions, as well as claims for failure to maintain and/or provide wage records

-9-

pursuant to New York Labor Law § 195(1) and (3).  PLAINTIFF understands that he is releasing any and all claims asserted against DEFENDANTS pursuant to the FLSA and New York Labor Law during the course of this litigation.

**4.    Affirmations by PLAINTIFF and DEFENDANTS.**

a. PLAINTIFF agrees that with respect to the claims he is waiving, he is  waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a claim is brought on his behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by PLAINTIFF in Paragraph 3 herein, he is waiving his right to recover money or other relief in such action.

b.    As a result of this settlement, PLAINTIFF and DEFENDANTS affirm that: (i) they haves had an opportunity to consult their attorneys about whether this settlement is fair and reasonable; (ii)  no party herein has any other outstanding lawsuits or claims against the other, other than the action brought in the United States District Court, Southern District of New York (20 Cv. 1809), and (iii)  this Agreement has been entered into after a mediation was held between all parties on September 3, 2020 during which time the parties had an opportunity to hear each side's arguments, and the terms of this settlement were agreed to and negotiated by Counsel for the parties after the completion of that mediation.

c.    PLAINTIFF affirms his understanding that the statute of limitations for any claim they might possess, including under any of the statutes referenced in Paragraph 3, is

not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement.

        d.     All parties have entered into this Agreement of their own free will and volition upon consultation with their attorneys.

        e.     PLAINTIFF has had this Settlement Agreement read to him by PLAINTIFF'S counsel and/or an employee thereof in his native Spanish language. DEFENDANTS fully understand this Settlement Agreement.

    **5.**    **No Admission of Liability or Wrongdoing.**

    PLAINTIFF agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFF.

    **6.**    **Last Date of Employment**

    PLAINTIFF acknowledges that his last date of employment was January 27, 2020 and such release as set forth in Paragraph 3 covers all claim set forth in Paragraph 3 through his last date of employment.

    **7.**    **Breach.**

    In connection with this action, DEFENDANTS shall execute affidavits of confessions of judgment which are annexed hereto as Exhibit B. In the event of a breach of this Agreement by DEFENDANTS for PLAINTIFF's failure to receive the payments set forth in Paragraph 1, PLAINTIFF by his attorney, shall send written notice of such breach by e-mail to DEFENDANTS' counsel, Franklin, Gringer & Cohen, P.C, 666 Old Country Road, Suite 202,

Garden City, New York 11530, Attn: Joshua Marcus, Esq. (EMAIL: Jmarcus@franklingringer.com). Upon notice of such breach, DEFENDANTS shall have ten (10) business days to cure such breach. If such breach is not cured within ten (10) business days, all amounts payable herein shall be accelerated and PLAINTIFF shall be permitted to file the confessions of judgment with the Clerk of the Southern District of New York and/or in a Court of competent jurisdiction in the amount of $90,000.00, and attorneys' fees and interest, less amounts previously paid by DEFENDANTS pursuant to this Agreement.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, including any breach of the Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The United States District Court, Southern District of New York shall retain jurisdiction for purposes of enforcing the parties' Settlement Agreement. The parties agree that any such dispute shall be resolved by a judge, not by a jury. The prevailing party shall be entitled to reasonable attorneys' fees.

### 8.    Advice of Counsel.

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of his choosing. All Parties hereby represent that they have consulted their attorney(s) about this Agreement before signing it.

### 9.    Severability.

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent

of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

10. **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.


11. **Disputes; Damages.**

In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York, which shall exercise continuing jurisdiction. The parties agree that any such dispute shall be resolved by a judge, not by a jury.

12. **Waiting Period, Right of Revocation, Effective Date.**

PLAINTIFF acknowledges that he has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that he has been given the opportunity and, in fact, have consulted with an attorney. The effective date of this Agreement is the date on which PLAINTIFF and DEFENDANTS sign this Agreement, whichever occurs last.

13. **Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that

-13-

this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFF and DEFENDANTS.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

**THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.**

-14-

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

_Juan Artiles_

**JUAN ARTILES**

Date: 11/3/20

Sworn to and subscribed before me this
3rd day of November, 2020

Notary Public, State of New York

Marc A. Rapaport
Notary Public, State of New York
Re. No. 02RA5029413
Qualified in New York County
Commision Expires June 20, 2022

**ABDUL KAHN individually and on behalf of
DEFENDANTS** Superior One Management Corp. d/b/a
Superior Apartments, 3336 MK Realty Group LLC, 374
Superior Apartment LLC, 1201 MK Realty Group, LLC,
MK Realty Group, LLC, 1905 MK Realty Group, LLC,
1756 MK Realty Group, LLC, 1757 MK Realty Group,
LLC, 2250 Superior Apartment LLC, 2720 Superior
Apartment LLC, Superior Apartments, LLC, 685 MK
Realty Group, LLC, 9039 MK Realty Group, LLC, and
9037 MK Realty Group, LLC


DATE:


Sworn to and subscribed before me this
___ day of _____, 2020.

_____
Notary Public, State of New York


CHARLES O. KUYORO
Notary Public State of New York
No. 01KU6077982
Qualified in Queens County
Commission Expires July 22, 2022

-17-

**<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

Index No.: 20 Civ. 1809 (JPO)

JUAN ARTILES,

                **Plaintiff,**

**STIPULATION OF
DISCONTINUANCE WITH
PREJUDICE**

    -against-

SUPERIOR ONE MANAGEMENT CORP.
d/b/a SUPERIOR APARTMENTS and d/b/a
SUPERIOR APARTMENTS MANAGEMENT,
3336 MK REALTY GROUP LLC, 374
SUPERIOR APARTMENT LLC, 1201 MK
REALTY GROUP LLC, MK REALTY GROUP
LLC, 1905 MK REALTY GROUP LLC, 1756 MK
REALTY GROUP LLC, 1757 MK REALTY
GROUP LLC, 2250 SUPERIOR APARTMENT
LLC, 2720 SUPERIOR APARTMENT LLC,
SUPERIOR APARTMENTS, LLC, 685 MK
REALTY GROUP, LLC, 9039 MK REALTY
GROUP LLC, 9037 MK REALTY GROUP
LLC and ABDUL KAHN,

                **Defendants.**
------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

       IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed

with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court

without further notice to any party. This Court shall retain jurisdiction to enforce the parties' Settlement

Agreement.

-19-

Dated:  Garden City, New York

_____, 2020

For the Plaintiff:                          For the Defendants:
RAPAPORT LAW FIRM, P.L.L.C.                  FRANKLIN, GRINGER & COHEN, P.C.

By:_____                By:_____
 Marc Rapaport, Esq.                        Joshua Marcus, Esq.
*Attorneys for Plaintiff*                    *Attorneys for Defendants*
One Penn Plaza                              666 Old Country Road, Suite 202
250 West 34th Street                        Garden City, NY 11530
Suite 2430                                  (516) 228-3131
New York, NY 10119
(212) 382-1600

                                            So Ordered
                                            _____
                                            U.S.D.J.

-20-

**EXHIBIT B**

CONFESSION OF JUDGMENT

## <u>AFFIDAVIT FOR JUDGMENT BY CONFESSION</u>

Abdul Khan, being first duly sworn, deposes and states:

1.  I am the owner of the entities known as Superior One Management Corp., 3336 MK Realty Group LLC, 374 Superior Apartment LLC, 1201 MK Realty Group, LLC, MK Realty Group, LLC, 1905 MK Realty Group, LLC, 1756 MK Realty Group, LLC, 1757 MK Realty Group, LLC, 2250 Superior Apartment LLC, 2720 Superior Apartment LLC, Superior Apartments, LLC, 685 MK Realty Group, LLC, 9039 MK Realty Group, LLC and 9037 MK Realty Group, LLC ("Corporate Defendants") and as such, am fully authorized to act in said capacity and to bind the interests of the Corporate Defendants.  The Corporate Defendants and I are collectively referred to herein as the "Defendants."

2.  The Corporate Defendants are corporations organized under the laws of the State of New York.  I am duly authorized to execute this Affidavit for Judgment by Confession on behalf of the Corporate Defendants.  I also execute this Affidavit for Judgment by Confession on my own behalf, individually.

3.  I am an adult individual residing at _____ New York.

4.  Contemporaneously with the execution of this Affidavit for Judgment by Confession, the Corporate Defendants and I entered into a Settlement Agreement and Release of Claims ("Agreement") in connection with claims asserted by Juan Artiles ("Plaintiff") concerning his employment with Defendants, which claims are pending before the United States District Court for the Southern District of New York.  The Agreement is referenced and made a part hereof as if more fully set forth at length herein.

5.  Within the Agreement, the Corporate Defendants and I agreed to pay to Plaintiff the Settlement Amount specified therein in full and final settlement of his claims, for which we are jointly and individually responsible, notwithstanding that the Corporate Defendants and I have denied any liability whatsoever to Plaintiff.

6.  In the event Defendants fail to comply with any of the terms ("default") on the Settlement Payments described above and in the Agreement, Plaintiff shall be entitled to enter judgment in the amount of Ninety Thousand Dollars, less any amounts paid, against Defendants,

1

jointly and individually, <u>after</u> first giving ten (10) business-days notice of default (said notice of default to be served by email to Joshua Marcus, Esq., Franklin, Grigner & Cohen PC, 666 Old Country Road, Suite 202, Garden City, New York 11530).  In the event Defendants fail to cure within ten (10) business days, the sum of Ninety Thousand Dollars, plus interest of nine percent (9%) per annum pursuant to CPLR §5401 commencing on the date of default of payment, shall immediately become due and owing.

7.    Any judgment entered upon this Affidavit of Confession may be entered in the United States District Court for the Southern District of New York and/or the Supreme Court for the State of New York in Westchester, Nassau and/or Westchester Counties, and Defendants hereby consent to such jurisdiction.

8.    Plaintiff, by and through his attorneys, agree that this Judgment By Confession shall be held in escrow by his attorneys and shall not be filed in any court unless and until Defendants fail to cure a default as set forth above.  Upon full payment of the Settlement Amount, Plaintiff, by and through his attorneys, shall return the original of the Judgment By Confession to counsel for Defendants, and they shall not retain any copies thereof.

9.    Pursuant to N.Y. C.P.L.R. Section 3218, the Corporate Defendants and I hereby confess judgment in favor of Plaintiff in the amount of Ninety Thousand Dollars and No Cents ($90,000.00) and hereby authorize Plaintiff, his heirs, personal representatives and assigns, to enter judgment for that amount, or any balance thereat remaining unpaid subsequent to Defendants' failure to cure the default upon notice in the manner set forth in Paragraph "6," *supra*, of this Judgment for Judgment by Confession.

10. This Affidavit for Judgment by Confession is given solely to secure Plaintiff in the installment payments of the Settlement Amount as agreed to in the Agreement.

11.  This Affidavit for Judgment by Confession is not for the purpose of securing the Plaintiff against a contingent liability and is not an installment loan within the prohibition of § 3201 of the Civil Practice Law and Rules.

12.  The Corporate Defendants and I hereby confess judgment and authorize this Affidavit for Judgment by Confession to be entered with the clerk of any federal or state court and/or county of competent jurisdiction.

2

_____
Abdul Khan

Superior One Management Corp.

By: _____

3336 MK Realty Group LLC

By: _____

374 Superior Apartment LLC

By: _____

1201 MK Realty Group, LLC

By: _____

MK Realty Group, LLC

By: _____

1905 MK Realty Group, LLC

By: _____

1756 MK Realty Group, LLC

By: _____

1757 MK Realty Group, LLC

By: _____

2250 Superior Apartment LLC

By: _____

2720 Superior Apartment LLC

By: _____

3

Superior Apartments, LLC

By: _____

685 MK Realty Group, LLC

By: _____

9039 MK Realty Group, LLC

By: _____

9037 MK Realty Group, LLC

By: _____

STATE OF NEW YORK )
                     ) ss.:
COUNTY OF _Bron_ )

On November 17, 2020 before me personally came Abdul Khan, to me known, and who, by me duly sworn, acknowledged that he has read the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and executed the same as his free act and deed on behalf of himself.

CHARLES O. KUYORO
Notary Public State of New York
No. 01KU6077982
Qualified in Queens County
Commission Expires July 22, 2022

_____
Notary Public

STATE OF NEW YORK )
                     ) ss.:
COUNTY OF _Bruny_ )

On November 17, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _o_____ of Superior One Management Corp., the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from Superior One Management Corp.

_____
Notary Public

STATE OF NEW YORK )
                     ) ss.:

4

CHARLES O. KUYORO
Notary Public State of New York
No. 01KU6077982
Qualified in Queens County
Commission Expires July 22, 2022

COUNTY OF _Bronx_ )

On November _17th_, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _Owner_ of 3336 MK Realty Group LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 3336 MK Realty Group LLC.

_____
Notary Public

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF _17h_  )

On November _17th_, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _owner_ of 374 Superior Apartment LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 374 Superior Apartment LLC.

_____
Notary Public

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF _Bronx_ )

On November _17th_, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _Owner_ of 1201 MK Realty Group, LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 1201 MK Realty Group, LLC.

_____
Notary Public

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF _Bronx_ )

CHARLES O. KUYORO
Notary Public, State of New York
No. 01KU6077082
Qualified in Queens County
Commission Expires July 22, 2022

5

On November _17_, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _Owner_ of MK Realty Group, LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from MK Realty Group, LLC.

_____
Notary Public

CHARLES O. KUYORO
Notary Public State of New York
No. 01KU6077982
Qualified in Queens County
Commission Expires July 22, 2022

STATE OF NEW YORK )
) ss.:
COUNTY OF _Bmuy_ )

On November _17_, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _Owner_ of 1905 MK Realty Group, LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 1905 MK Realty Group, LLC.

_____
Notary Public

CHARLES O. KUYORO
Notary Public State of New York
No. 01KU6077982
Qualified in Queens County
Commission Expires July 22, 2022

STATE OF NEW YORK )
) ss.:
COUNTY OF _Bmuy_ )

On November _17_, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _Owner_ of 1756 MK Realty Group, LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 1756 MK Realty Group, LLC.

_____
Notary Public

CHARLES O. KUYORO
Notary Public State of New York
No. 01KU6077982
Qualified in Queens County
Commission Expires July 22, 2022

STATE OF NEW YORK )
) ss.:
COUNTY OF _Bmuy_ )

On November _17_, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _Owner_ of 1757 MK Realty Group, LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent

6

executed the Affidavit for Judgment by Confession on behalf of and upon authority from 1757 MK Realty Group, LLC.

_____
Notary Public

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF _____ )

On November 17, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _____ of 2250 Superior Apartment LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 2250 Superior Apartment LLC.

_____
Notary Public

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF _____ )

On November 17, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _____ of 2720 Superior Apartment LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 2720 Superior Apartment LLC.

_____
Notary Public

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF _____ )

On November 17, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _____ of Superior Apartments, LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from Superior Apartments, LLC.

_____
Notary Public

7

CHARLES O. KUYORO
Notary Public State of New York
No. 01KU6077982
Qualified in Queens County
Commission Expires July 22, 2022

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Bronx )

        On November 17, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _owner_ of 685 MK Realty Group, LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 685 MK Realty Group, LLC.

                                                Notary Public

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Bronx )

        On November 17, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _owner_ of 9039 MK Realty Group, LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 9039 MK Realty Group, LLC.

                                                Notary Public

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Bronx )

        On November 17, 2020 before me personally came Abdul Khan, to me known, who, by me duly sworn, did depose and say that deponent is _owner_ of 9037 MK Realty Group, LLC, the corporation described in and which executed the foregoing Affidavit for Judgment By Confession and fully understood its terms and conditions, and that deponent executed the Affidavit for Judgment by Confession on behalf of and upon authority from 9037 MK Realty Group, LLC.

                                                Notary Public

8