UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JUAN ARTILES,                                                  :
                                                               :
                          Plaintiff,                           :
                                                               :                    20-CV-1809 (JPC) (JLC)
              -v-                                              :
                                                               :                           ORDER
SUPERIOR ONE MANAGEMENT CORP. et al.,                          :
                                                               :
                          Defendants.                          :
                                                               :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2020

JOHN P. CRONAN, United States District Judge:

Plaintiff commenced this action on February 29, 2020, seeking recovery pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 206 and 207 and New York Labor Law ("NYLL") NY Labor Law §§ 191, 193, 195, 215, and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142. (Dkt. 1). On December 8, 2020, the parties filed a supplemental letter, with the parties' settlement agreement attached, explaining why the agreement should be approved under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Dkt. 45). Additionally, Plaintiff's counsel provided materials justifying their request of attorneys' fees and expenses. (*Id.*)

The Court hereby finds that the settlement agreement is approved as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation. *See Cheeks*, 796 F.3d at 206-07; *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Court also notes that Plaintiff's counsel asserts that Plaintiff was present at the mediation that led to the settlement, had a licensed translator to assist him, and participated in the negotiations. (Dkt. 45, at 5). Furthermore, the Court finds that the waiver of claims in the settlement is tailored to the instant dispute and not an "overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that

have no relationship whatsoever to wage-and-hour issues.'" *Cheeks*, 796 F.3d at 206 (quoting *Lopez v. Nights of Cabiria, LLC,* No. 14 Civ. 1274 (LAK), 2015 WL 1455689, at *1-7 (S.D.N.Y. March 30, 2015)).

The Court has also reviewed Plaintiff counsel's request for approval of attorneys' fees and expenses.  In light of the quality of counsel and the issues presented in this matter, the Court finds this amount to be fair and reasonable.  The amount is lower than the lodestar calculation and is less than one-third of the settlement amount.    Moreover, Courts in this Circuit regularly approve attorneys' fees that range between 30% and 33%.  *See Guzman v. Joesons Auto Parts*, No. 11 Civ. 4534 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases).

Accordingly, the Court approves and retains jurisdiction to enforce the Settlement Agreement attached to the parties' December 8, 2020 letter.  (Dkt. 45, Exhibit 1. Signed Settlement Agreement.)  The Court dismisses the case with prejudice.

The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 10, 2020
       New York, New York

_____
                JOHN P. CRONAN
            United States District Judge